

**U.S. Department of Justice**

Kenneth L. Wainstein
United States Attorney

_District of Columbia_

---

_Judiciary Center_
_555 Fourth St., N.W._
_Washington, D.C. 20530_

April 11, 2006

**FILED**

**MAY 1 8 2006**

Ms. Rita Bosworth, Esq.
**BY FAX: 202-208-7515**

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

Re:    Sandra Cheston

Dear Ms. Bosworth:        06 cr 122

This letter sets forth the full and complete plea offer to your client, Ms. Cheston. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia ("this Office," "the government," and "the United States"). This plea offer will expire on April 21, 2006. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

1. **Charges:** Ms. Cheston agrees to waive Indictment and to plead guilty to a one-count information charging a violation of Title 18 U.S.C. § 2314 (Interstate Transportation of Stolen Property). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Ms. Cheston and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Ms. Cheston agrees that the attached "Statement of the Offense" fairly and accurately describes Ms. Cheston actions and involvement in the offense charged in the Instruction.

2. **Potential penalties, assessments, and restitution:** Ms. Cheston understands that the maximum sentence that can be imposed is ten years imprisonment, a fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three- year term of supervised release, an order of restitution in an amount determined by the Court, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. Sections 3553(a) and 3553 (c) through (f), upon consideration of the United States Sentencing Commissions's Guidelines Manual. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing. Ms. Cheston understands that the sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations or predictions regarding what sentence the

Court will impose. Ms. Cheston further understands that if the Court imposes a sentence greater than that provided in the Sentencing Guidelines range as determined by the Court, or which is in any other way unsatisfactory to her, she cannot withdraw her guilty plea. This does not, however, limit Ms. Cheston's right to appeal an unlawful sentence.

3. **Federal Sentencing Guidelines:** The parties agree that the following Guideline Sections apply:

§ 2.B1.1            Interstate Transportation

| | |
|---|---|
| (a) Base Offense Level | 6 |
| (b) Specific Offense Characteristics | |
| (1) More than $30,000 | 6 |
| Acceptance | -2 |
| TOTAL | 10 |

The parties agree not to seek any adjustments or departures from the total offense level set forth above. In the event that the plea offer is either not accepted by Ms. Cheston or is accepted by Ms. Cheston, but the guilty plea is either rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4. **Financial Arrangements:** Ms. Cheston agrees that prior to or at the time of the sentencing, she will deliver to the Clerk's Office, United States District Court, for the District of Columbia, a certified check in the amount of $100.00, to cover the special assessment, as required in Title 18 U.S.C. § 3013, and to pay restitution of $43,833.00, less any amount already paid, if any, by Ms. Cheston. Ms. Cheston also agrees to provide a full and complete accounting of all assets, real or tangible, held by her or in any other name for her benefit, and to that end, to submit a standard form 500 (Financial Statement of Debtor).

5. **Waiver of Rights:** Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 limit the admissibility of statements made in the course of plea proceedings or plea discussions in both civil and criminal proceedings, if the guilty plea is later withdrawn. Ms. Cheston expressly warrants that she has discussed these rules with her counsel and understands them. Ms. Cheston voluntarily waives and gives up the rights enumerated in Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. Ms. Cheston understands and agrees that any statements that she makes in the course of her guilty plea or in connection with this plea agreement are admissible against her for any purpose in any criminal or civil proceeding, if the guilty plea is subsequently withdrawn.

6. **Reservation of Allocation:** The United States reserves its full right of allocation for purposes of sentencing and post-sentencing in the matter, including the right to set forth at sentencing all of its evidence with respect to Ms. Cheston's criminal activities and any

proceeding(s) before the Bureau of Prisons. In addition, Ms. Cheston acknowledges that the government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines or any post-sentence downward departure motion in the case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

7. The United States reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement.

8. If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocation in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

9. **Government Concessions:** In exchange for her guilty plea, the government agrees not to oppose Ms. Cheston's release pending sentencing, and agrees not to oppose a two-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, provided that Ms. Cheston continues to show her acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from the matter; (c) complying with the other provisions of the agreement; and (d) abiding by the conditions set for her release by the Court. Also, subject to other paragraphs in the agreement, the United States will not bring any additional criminal charges against Ms. Cheston in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the scheme set forth in the Information. The agreement not to prosecute Ms. Cheston does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. § 16 and D.C. Code § 23-1331(4). It is understood that the United States has no evidence, as of the date of the agreement, of any crimes of violence involving Ms. Cheston.

10. **Court is not bound:** Ms. Cheston understands that the Court is not obligated to follow any recommendation of the government at the time of sentencing and that the final decision regarding her bond status or detention will be made by the Court at the time of her plea of guilty. The Court's decision in these regards is not grounds for withdrawal from this agreement.

11. **Breach of Agreement:** Ms. Cheston agrees that if she fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of the plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Ms. Cheston's release (for example, should your client commit any conduct after the date of the agreement that would form the basis for an increase in your client's offense level or justify an upward departure - examples of which include but are not limited to, obstruction of justice, failure to appear for a

court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court - the government is free under the agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Ms. Cheston will not have the right to move to withdraw the guilty plea; (c) Ms. Cheston shall be fully subject to criminal prosecution for any other crimes which she has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against Ms. Cheston, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to the agreement.

12. **USAO's Criminal Division Bound:** Ms. Cheston understands that the agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. The agreement does not bind the Civil Division of the Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Ms. Cheston.

13. **Complete Agreement:** No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Ms. Cheston,  Ms. Cheston's counsel and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Ms. Cheston may indicate her assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Ms. Cheston and her counsel.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By:

JULIEANNE HIMELSTEIN
Assistant United States Attorney

I have read this plea agreement and have discussed it with my attorney, Rita Bosworth, Esquire.  I fully understand this agreement and agree to it without reservation.  I do this voluntarily and of my own free will, intending to be legally bound.  No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully.  I am pleading guilty because I am in fact guilty of the offense(s) identified in

4

paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in the plea agreement. I am satisfied with the legal services provided by my attorney in connection with the plea agreement and matters related to it.

Date: _5-18-06_                              _____
                                                   Sandra Cheston
                                                   Defendant

I have read each of the pages constituting the plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: _5/18/06_                             _____
                                                   Rita Bosworth, Esquire
                                                   Attorney for the Defendant

5