UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-122-01 (GK) |
| | : | |
| v. | : | |
| | : | |
| SANDRA CHESTON | : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in aid of sentencing.

### I.     BACKGROUND

On May 18, 2006, defendant entered a guilty plea pursuant to Federal Rules of Criminal Procedure Rule 11 to interstate transportation of stolen property in violation of Title 18 U.S.C. § 2314. The facts supporting the plea are as follows: Ms. Cheston was a bookkeeper for the Army Distaff Foundation in Washington, DC, providing housing and assisted living for retired military officers and or their surviving spouses. Cheston was one of four people who had signature authority to the "ADF/Knollwood" account, held at Chevy Chase Bank. That account contained Medicaid and other deposits from the residents of the Army Distaff Foundation and was used to assist residents with rental payments and other expenses. Between in or about April, 2004 and August, 2005, Cheston took several checks, signed her name on the check, and then forged the signature of a second authorized person on the check. She then cashed the checks at Chevy Chase Bank in Washington, D.C. and transported the stolen cash to her home in Laurel, Maryland. The checks forged from April, 2004 to August, 2005 added up to a loss of $17,021.02.

A second account was held at the Bank of America with the name "Little Store" and was used to operate a convenience store on the Army Distaff Foundation campus. Cheston was required to collect the bank deposits from the "Little Store" and deposit them in the account at the Bank of America. Between in or about 2003 and 2005, Cheston stole cash from the Army Distaff foundation, totaling $25,000, and replaced the stolen cash with $25,000 worth of "ADF/Knollwood" checks. The defendant then transported the cash from the "Little Store" on the Army Distaff Foundation campus in Washington, DC to her home in Laurel, Maryland. Defendant's simple embezzlement, which was not elaborate, resulted in her receipt of $43,833 from Army Distaff Foundation. However, prior to having this matter referred to the government, Ms. Cheston made repayments of $12, 677.19.

## II.   SENTENCING CALCULATION

### A   Statutory Maxima

Pursuant to Title 18, United States Code, Section 2314 and carries a maximum penalty of 10 years confinement and or a fine of $ 250,000.

### B.   Sentencing Guidelines Calculation

The Guidelines calculation utilized in the Presentence Report ("PSR") calculates the defendant's total offense level at 10. According to United States Sentencing Guidelines, the base offense level of the crime is a 6, U.S.S.G. § 2B1.1(a). The base offense level is enhanced by six levels because the loss exceeded $30,000, U.S.S.G. § 2B1.1(b)(1); and the defendant receives a two-level reduction because of acceptance of responsibility, U.S.S.G. § 3E1.1; bringing the sentence to the agreed upon level of 10. The PSR calculates the defendant's criminal history as Category I. The guideline range for the defendant is calculated at 6 to 12 months imprisonment.

However, since the minimum term of imprisonment is in Zone B of the Sentencing Table, the guideline sentence may be satisfied by means other than incarceration. U.S.S.G. § 5C1.1(c)(3) states that if the guideline range is in Zone B, the minimum term may be satisfied by intermittent confinement, community confinement, or home detention as a substitute for imprisonment. According to 18 U.S.C. § 3561(c)(1), the defendant is also eligible for not less than one nor more than five years probation.

### III.   GOVERNMENT'S RECOMMENDATIONS

The defendant quickly accepted responsibility for her crime and had already begun paying off her debt to the Army Distaff Foundation. The government recommend's that the Court impose a term of house detention followed by a 3 year term of probation.

Although it is commendable that defendant is employed, she should not be in a situation where she has access to any funds whatsoever. Undersigned counsel's recommendation includes a condition of release which would prohibit defendant from working in a capacity which gives her access to financial accounts and or finances in any shape or form.

Pursuant to 18 U.S. C.§ 3663A the government submits that defendant should be ordered to pay full restitution to Army Distaff Foundation. The government understands that the loss associated with the direct theft to be $34, 762 which as noted above to be $43,833 minus her pre-plea payment of $12, 677, the victim requests that the victim's legal fees of $14,998.54 be included a s restitution as well. The government, however, contends that the attorneys fees may or may not have been a direct and foreseeable consequence of her theft. See Hughey v. United States, 495 U.S. 411, 413 (1990). In this matter it is difficult to parse out what would be related to the victim's conduct and those expenses incurred by victim negotiating a

civil settlement with the defendant. The Court has in its discretion the right to determine, what, in fact, is direct and proximate. The government is not certain that the $14,000 sought by the victim is direct and proximate, especially given the simplicity of the thefts.

### IV. CONCLUSION

Wherefore, the government respectfully requests that the Court order restitution, sentence the defendant to 6 months home detention followed by 3 years of supervised release.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
Bar No. 451058

_____
JULIEANNE HIMELSTEIN
Assistant United States Attorney
Major Crimes Section, Mass. Bar No. 417-136
555 4th Street, N.W. Room 4832
Washington, DC 20001
Phone: 514-8203
Fax: 353-9414

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant, Rita Bosworth, this ___ day of July, 2006.

_____
JULIEANNE HIMELSTEIN
Assistant United States Attorney