IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Cr. No. 06-122 (GK) |
| v.          ) | |
| ) | |
| SANDRA CHESTON         ) | |
| _____) | |

**DEFENDANT'S CONSENT MOTION TO MODIFY SENTENCE IN ORDER TO TECHNICALLY COMPLY WITH THE UNITED STATES SENTENCING GUIDELINES**

Sandra Cheston, through undersigned counsel, hereby requests that the Court modify her sentence so that it technically complies with the United States Sentencing Guidelines, and she states in support the following:

1. On May 18, 2006, Ms. Cheston pled guilty to one count of Interstate Transportation of Stolen Property, in violation of 18 U.S.C. § 2314.

2. The probation office determined that, pursuant to the United States Sentencing Guidelines, Ms. Cheston had a base offense level of 10 and a criminal history category of I, which gave her an advisory sentencing guideline range of 6-12 months. This advisory guideline range is in Zone B of the sentencing guidelines.

3. Pursuant to USSG § 5C1.1(c), the minimum term of a sentence in Zone B of the sentencing guidelines may be satisfied by:

   (1)   a sentence of imprisonment; or

   (2)   a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention . . . ; or

>    (3)    a sentence of probation that includes a condition or combination of conditions that substitute . . . home detention for imprisonment . . . .

4. On August 9, 2006, this Court noted its intention to impose a guidelines sentence on Ms. Cheston, and she received a sentence of 6 months of home confinement followed by 3 years of supervised release.

5. Immediately following the sentencing hearing, undersigned counsel was informed by the probation office that the Court's sentence does not technically comply with the sentencing guidelines because supervised release can only follow incarceration. Because Ms. Cheston did not receive incarceration, she cannot technically under the guidelines receive supervised release.

6. Upon consulting with the United States Sentencing Guidelines manual, undersigned counsel believes that in order to technically comply with the guidelines, the appropriate sentence in this case is 3 years of probation, including a condition that 6 months of that term of probation must be served on home detention. See USSG § 5C1.1(c)(3); Application Note 3(C).

7. Undersigned counsel consulted with Probation Officer Sheri Brandon and Assistant United States Attorney Anthony Alexis on this matter, and both of them agree that the sentence proposed in paragraph 6 of this motion is accurate and appropriate. The probation office also indicated that failure to modify this sentence would cause problems for their office.

WHEREFORE Ms. Cheston respectfully requests that the Court modify her sentence to a period of probation of 3 years with a condition of probation being that 6 months must be served on home confinement.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____

RITA BOSWORTH
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C., 20004
(202) 208-7500